# EXHIBIT "B"

Accepted by Michelle Belvin
Asst F/Food Mgr.
Delivered by Hand.
8/17/2020.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------x
RASIMA DZANANOVIC,

                            Plaintiff/Petitioner,

        - against -                                Index No. 712857/2020

COSTCO WHOLESALE CORPORATION,

                          Defendant/Respondent.
-----------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

     PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

     The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

     Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 8/13/2020

_____ (Signature)      32-72 Steinway Street _____ (Address)

Marc S. Albert (Name)      Astoria, NY 11103

Law Offices of Marc S. Albert (Firm Name)      347-472-5080 (Phone)

                                                       malbert@msainjurylaw.com (E-Mail)

To:   Costco Wholesale
        Corporation
        6135 Junction Blvd
        Rego Park, NY 11374

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
RASIMA DZANANOVIC,

                    Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

                    Defendant.
-----------------------------------------------------------------X

Index No.: 712857/2020

**SUMMONS**

Filed in Supreme Court, Queens County on 8/12/20.

**To the above named Defendants:**

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, of if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates Queens County as the venue for trial. The basis of venue is defendant's residence.

Dated: Astoria, New York
         August 12, 2020

Yours, etc.

LAW OFFICES OF MARC S. ALBERT

By:  Marc S. Albert, Esq.
Attorneys for Plaintiff(s)
RASIMA DZANANOVIC
32-72 Steinway Street
Astoria, NY 11103
(347) 472-5080

To:

COSTCO WHOLESALE CORPORATION
6135 Junction Blvd
Rego Park, NY 11374

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
RASIMA DZANANOVIC,

                    Plaintiff,                    Index No.: 712857/2020

-against-                            **COMPLAINT**

COSTCO WHOLESALE CORPORATION,

                    Defendant.
---------------------------------------------------------------X

       Plaintiff, RASIMA DZANANOVIC, by her attorneys, LAW OFFICES OF MARC S. ALBERT, complaining of the defendant herein, respectfully alleges, upon information and belief, as follows:

## PARTIES AND JURISDICTION

1. That at the time of the commencement of this action and at all times hereinafter mentioned, plaintiff RASIMA DZANANOVIC resided in the County of Queens and State of New York.

2. That at the time of the commencement of this action and at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was a Corporation duly licensed to conduct business in and by virtue of the laws of the State of New York.

3. That at the time of the commencement of this action and at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION maintained its principal place of business in the County of Queens and State of New York.

4. That the within cause of action arose in the County of Queens and State of New York.

5. Under the facts and circumstances of this case and pursuant to CPLR §503, venue and jurisdiction are proper in this Court.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RASIMA DZANANOVIC

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "5" as though more fully set forth herein at length.

7. That on June 6, 2020 and at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION owned the premises located at 6135 Junction Blvd, Rego Park in the County of Queens, State of New York, and the parking lot located adjacent to that premises.

8. That on June 6, 2020 and at all times hereinafter mentioned, it was the duty of defendant COSTCO WHOLESALE CORPORATION to maintain the aforesaid premises located at 6135 Junction Blvd, Rego Park, County of Queens, State of New York and the parking lot adjacent to the said premises at in a reasonably safe condition.

9. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION managed the aforesaid premises located at 6135 Junction Blvd, Rego Park, County of Queens, State of New York and the parking lot adjacent to the said premises.

10. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION maintained the aforesaid premises located at 6135 Junction Blvd, Rego Park, County of Queens, State of New York and the parking lot adjacent to the said premises.

11. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION controlled the aforesaid premises located at 6135 Junction Blvd, Rego Park, County of Queens, State of New York and the parking lot adjacent to the said premises.

12. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION operated the aforesaid premises located at 6135 Junction Blvd, Rego Park, County of Queens, State of New York and the parking lot adjacent to the said premises.

13. That on June 6, 2020 and at all times hereinafter mentioned, defendants 510 COSTCO WHOLESALE CORPORATION repaired the aforesaid premises located at 6135 Junction Blvd, Rego Park, County of Queens, State of New York and the parking lot adjacent to the said premises.

14. That on June 6, 2020, plaintiff RASIMA DZANANOVIC was lawfully traversing the aforesaid parking lot adjacent to the defendant's premises at 6135 Junction Blvd, Rego Park, County of Queens, State of New York.

15. That on June 6, 2020, while plaintiff RASIMA DZANANOVIC was lawfully walking on the parking lot at the aforesaid location, she was caused to trip and be violently propelled to the ground due to a dangerous, defective, unlevel, cracked, hole laden, protruding and/or broken parking lot pavement, sustaining severe and permanent injuries.

16. The above mentioned occurrence and the results thereof were caused by the negligence and carelessness of the defendant and/or said defendant's servants, agents, employees, maintenance personnel and/or licensees in the ownership, operation, management, maintenance, repair and control of the aforesaid premises and parking lot; in failing to maintain the aforesaid premises and parking lot in a reasonably safe condition for persons lawfully thereat, including the plaintiff; in causing, allowing and permitting said premises and parking lot at the above-mentioned location to be, become and remain for a period of time after notice, either actual or constructive, in a defective, uneven, irregular, un-level, dangerous, hole laden, protruding and/or hazardous condition; in causing, allowing and permitting the aforesaid parking

lot to be and remain in a dangerous and defective condition despite prior notice of same; in failing to pave and/or properly pave the aforesaid parking lot; in causing, allowing and/or permitting a trap to exist at said location; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to lawful pedestrians; in causing, permitting and/or allowing a tripping hazard to exist in the aforesaid parking lot; in failing to have taken necessary steps and measures to have prevented the above-mentioned parking lot from being used while in said dangerous and defective condition; in filing to give plaintiff adequate and timely signal, notice or warning of said condition; in failing to post warning signs and/or otherwise barricade the area; in negligently, recklessly and carelessly causing and permitting the above mentioned parking lot to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said parking lot; and in being otherwise negligent, reckless and careless.

17. That upon information and belief, defendant COSTCO WHOLESALE CORPORATION, their agents, servants, licensees and/or employees had actual and/or constructive notice of the aforementioned dangerous and defective condition.

18. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19. That because of the above stated negligence on the part of the defendant, their agents, servants, licensees and/or employees, plaintiff RASIMA DZANANOVIC was caused to sustain serious and permanent injuries to her head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time, continuing to date.

20. That by reason of the foregoing negligence on the part of the said defendant, their agents, servants, licensees and/or employees, this plaintiff, RASIMA DZANANOVIC is informed and verily believes that her aforesaid injuries are permanent and that she will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer continuous pain and inconvenience.

21. That by reason of the foregoing, this plaintiff, RASIMA DZANANOVIC was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, RASIMA DZANANOVIC, will necessarily incur similar expenses.

22. That this action falls within one or more exemption as set forth in CPLR §1602.

23. That because of the above stated negligence of the defendant, plaintiff RASIMA DZANANOVIC has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with costs and disbursements of this action.

WHEREFORE, plaintiff RASIMA DZANANOVIC demands judgment against the defendant in the First Cause of Action, a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

Dated: Astoria, New York
August 12, 2020

Yours, etc.,

LAW OFFICES OF MARC S. ALBERT

By: Marc S. Albert, Esq.
Attorney for Plaintiffs
RASIMA DZANANOVIC
32-72 Steinway Street
Astoria, NY 11103
(347) 472-5080

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
RASIMA DZANANOVIC,

                    Plaintiff,                Index No.: 712857/2020

    -against-                    **AMENDED COMPLAINT**

COSTCO WHOLESALE CORPORATION,

                    Defendant.
-----------------------------------------------------------------X

        Plaintiff, RASIMA DZANANOVIC, by her attorneys, LAW OFFICES OF MARC S. ALBERT, as and for an Amended Complaint as to the defendant herein, respectfully alleges, upon information and belief, as follows:

## PARTIES AND JURISDICTION

        1.     That at the time of the commencement of this action and at all times hereinafter mentioned, plaintiff RASIMA DZANANOVIC resided in the County of Queens and State of New York.

        2.     That at the time of the commencement of this action and at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was a Corporation duly licensed to conduct business in and by virtue of the laws of the State of New York.

        3.     That at the time of the commencement of this action and at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION maintained its principal place of business in the County of Queens and State of New York.

        4.     That the within cause of action arose in the County of Queens and State of New York.

        5.     Under the facts and circumstances of this case and pursuant to CPLR §503, venue and jurisdiction are proper in this Court.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RASIMA DZANANOVIC

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1' through "5" as though more fully set forth herein at length.

7. That on June 6, 2020 and at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION owned the premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York, and the parking lot located adjacent to that premises.

8. That on June 6, 2020 and at all times hereinafter mentioned, it was the duty of defendant COSTCO WHOLESALE CORPORATION to maintain the aforesaid premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York and the parking lot adjacent to the said premises at in a reasonably safe condition.

9. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION managed the aforesaid premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York and the parking lot adjacent to the said premises.

10. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION maintained the aforesaid premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York and the parking lot adjacent to the said premises.

11. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION controlled the aforesaid premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York and the parking lot adjacent to the said premises.

12. That on June 6, 2020 and at all times hereinafter mentioned, defendants COSTCO WHOLESALE CORPORATION operated the aforesaid premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York and the parking lot adjacent to the said premises.

13. That on June 6, 2020 and at all times hereinafter mentioned, defendants 510 COSTCO WHOLESALE CORPORATION repaired the aforesaid premises located at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York and the parking lot adjacent to the said premises.

14. That on June 6, 2020, plaintiff RASIMA DZANANOVIC was lawfully traversing the aforesaid parking lot adjacent to the defendant's premises at 3250 Vernon Boulevard, Long Island City, in the County of Queens, State of New York.

15. That on June 6, 2020, while plaintiff RASIMA DZANANOVIC was lawfully walking on the parking lot at the aforesaid location, she was caused to trip and be violently propelled to the ground due to a dangerous, defective, unlevel, cracked, hole laden, protruding and/or broken parking lot pavement, sustaining severe and permanent injuries.

16. The above mentioned occurrence and the results thereof were caused by the negligence and carelessness of the defendant and/or said defendant's servants, agents, employees, maintenance personnel and/or licensees in the ownership, operation, management, maintenance, repair and control of the aforesaid premises and parking lot; in failing to maintain the aforesaid premises and parking lot in a reasonably safe condition for persons lawfully thereat, including the plaintiff; in causing, allowing and permitting said premises and parking lot at the above-mentioned location to be, become and remain for a period of time after notice, either actual or constructive, in a defective, uneven, irregular, un-level, dangerous, hole laden, protruding and/or hazardous condition; in causing, allowing and permitting the aforesaid parking

lot to be and remain in a dangerous and defective condition despite prior notice of same; in failing to pave and/or properly pave the aforesaid parking lot; in causing, allowing and/or permitting a trap to exist at said location; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to lawful pedestrians; in causing, permitting and/or allowing a tripping hazard to exist in the aforesaid parking lot; in failing to have taken necessary steps and measures to have prevented the above-mentioned parking lot from being used while in said dangerous and defective condition; in filing to give plaintiff adequate and timely signal, notice or warning of said condition; in failing to post warning signs and/or otherwise barricade the area; in negligently, recklessly and carelessly causing and permitting the above mentioned parking lot to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said parking lot; and in being otherwise negligent, reckless and careless.

17. That upon information and belief, defendant COSTCO WHOLESALE CORPORATION, their agents, servants, licensees and/or employees had actual and/or constructive notice of the aforementioned dangerous and defective condition.

18. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19. That because of the above stated negligence on the part of the defendant, their agents, servants, licensees and/or employees, plaintiff RASIMA DZANANOVIC was caused to sustain serious and permanent injuries to her head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time, continuing to date.

20. That by reason of the foregoing negligence on the part of the said defendant, their agents, servants, licensees and/or employees, this plaintiff, RASIMA DZANANOVIC is informed and verily believes that her aforesaid injuries are permanent and that she will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer continuous pain and inconvenience.

21. That by reason of the foregoing, this plaintiff, RASIMA DZANANOVIC was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, RASIMA DZANANOVIC, will necessarily incur similar expenses.

22. That this action falls within one or more exemption as set forth in CPLR §1602.

23. That because of the above stated negligence of the defendant, plaintiff RASIMA DZANANOVIC has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with costs and disbursements of this action.

**WHEREFORE**, plaintiff RASIMA DZANANOVIC demands judgment against the defendant in the First Cause of Action, a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

Dated: Astoria, New York
August 31, 2020

Yours, etc.,

LAW OFFICES OF MARC S. ALBERT

By: Marc S. Albert, Esq.
Attorney for Plaintiffs
RASIMA DZANANOVIC
32-72 Steinway Street
Astoria, NY 11103
(347) 472-5080